# **<u>EXHIBIT 1</u>**

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF HENNEPIN                            FOURTH JUDICIAL DISTRICT

                                                      Case Type: Other Civil

---

Carebourn Capital, L.P.                    Court File No. _____

               Plaintiff,

     v.                                          **SUMMONS**

Darkpulse, Inc.

               Defendant.

---

**THIS SUMMONS IS DIRECTED TO**: The above-named Defendants.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

> Hutton Madgett, PLLC
> 333 South Seventh Street, Suite 2450
> Minneapolis, Minnesota 55402
> dmadgett@huttonmadgett.com
> lhutton@huttonmadgett.com

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff

everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

     5. **LEGAL ASSISTANCE.**  You may wish get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

     6. **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

January 29, 2021                    **HUTTON MADGETT, PLLC**

                                   /s/ Lee A. Hutton, III
                                   Lee A. Hutton, III (Atty No. 0327992)
                                   David J.S. Madgett (Atty No. 0327992)
                                   333 South Seventh Street, Suite 2450
                                   Minneapolis, Minnesota 55402
                                   dmadgett@huttonmadgett.com
                                   lhutton@huttonmadgett.com
                                   **Attorneys for Carebourn Capital, L.P.**

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF HENNEPIN                            FOURTH JUDICIAL DISTRICT

                                                         Case Type: Other Civil

---

Carebourn Capital, L.P.                    Court File No. _____

      Plaintiff,

    v.                                        **VERIFIED COMPLAINT**

Darkpulse, Inc.

      Defendant.

---

Plaintiff Carebourn Capital, L.P. ("Carebourn") for its Complaint against defendant Dark Pulse, Inc. ("Darkpulse") states and alleges as follows.

## <u>INTRODUCTION</u>

1. Carebourn entered into several Securities Purchase Agreements with Darkpulse:

   - On July 17, 2018, Carebourn entered into a "Securities Purchase Agreement" or Convertible Promissory Notes with Darkpulse wherein Carebourn agreed to purchase and Darkpulse agreed to issue and sell a 12% convertible note from Carebourn in the aggregate principal amount of $189,750.00 that may be convertible into shares of common stock.

   - On July 24, 2018, Carebourn entered into a "Securities Purchase Agreement" or Convertible Promissory Notes with Darkpulse wherein Carebourn agreed to purchase and Darkpulse agreed to issue and sell a 12% convertible note from Carebourn in the aggregate principal amount of $276,000.00 that may be convertible into shares of common stock.

## <u>PARTIES</u>

1. Carebourn is a Delaware limited partnership with its principal place of business in Hennepin County, Minnesota.

2. Darkpulse is a Delaware corporation with its principal place of business in in Manassas, Virginia.  The address is 8760 Virginia Meadows Drive, Manassas, VA 20109.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the parties to this matter because the events giving rise to this lawsuit took place in Hennepin County, Minnesota; because the parties have a significant quantity of contacts with the State of Minnesota directly related to the claims at issue such that personal jurisdiction would not offend traditional notions of fair play and substantial justice; and because Darkpulse's actions have caused injury in the State of Minnesota.

4. Venue is proper because the parties agreed to submit to the exclusive jurisdiction of the state or federal courts located in Hennepin County, Minnesota pursuant to the agreements.

## FACTUAL BACKGROUND

### Carebourn Provides Secured Financing to Businesses

5. Carebourn specializes in providing funding to small and medium sized businesses that are unable to secure funding through traditional bank loans.

6. More routinely issues convertible promissory notes to borrowers, under which Carebourn loans money to a borrower in exchange for the right to either (1) recover repayment of the principal loan sum plus interest or (2) convert the outstanding principal amounts into shares of the borrower's common stock.

7. Carebourn is protected through pledge agreements that allow Carebourn to liquidate assets of the borrow.  In addition, Carebourn can convert shares of stock at market rate.

2

8.      Carebourn has not been recognized as a dealer under the Securities Exchange Act.

### Carebourn Loans Money to Darkpulse

9.      Carebourn and Darkpulse have entered into seven (2) agreements under which Carebourn agrees to loan Darkpulse certain sums in the collective amount of more than $500,000 and, Darkpulse agreed to execute agreements allowing Carebourn to seek repayment of outstanding debt plus interest and/or seize assets of the company as collateral.

10.     Carebourn entered into several Securities Purchase Agreements with Darkpulse with a default interest in the amount of 22%.

11.     DarkPulse agreed to hold in reserve- or not to issue to the public- certain common stock, for the benefit and security of Carebourn as colleterial for the substantial loan given to DarkPulse.

### Carebourn's Obligations under the Agreements

12.     Under the Agreements, Darkpulse agreed to either repay the principal loan sum plus default interest or to deliver to Carebourn shares of its common stock in lieu of repayment. The Agreements set forth the terms of repayment and conversion, as well as established Events of Default and remedies for any Darkpulse default.

#### *Repayment Obligations*

13.     Darkpulse agreed to repay the principal sum plus 10-12% annual interest.

#### *Events of Default*

14.     Certain acts, failures, and occurrences are considered Events of Default under the agreements.

15.     With respect to Darkpulse's repayment obligations, it is an Event of Default under the Agreements: (1) Darkpulse fails to repay the due and owing principal and interest

3

payments, and (2) Darkpulse becomes a non-reporting company with the Securities Exchange Commission.

16.     Darkpulse also agreed to pay a default interest rate of 22%.  The current obligation with the default interest is above $500,000.

*Remedies*

17.     The Agreements establish clear-cut remedies for any breach or Event of Default.

18.     If DarkPulse commits and fails to cure any Event of Default, Carebourn can seize DarkPulse's Assets and/or collect monies, and/or obtain stock through converted debt pursuant to contract.

19.     The Agreements also require DarkPulse to pay Carebourn the cost of collecting due and owing sums, including reasonable attorneys' fees.

20.     Darkpulse has since refused to provide shares of stock pursuant to the conversion agreement.

21.     Despite this DarkPulse has and continues to sell stock in the public markets earmarked for the repayment to Carebourn.

**COUNT I**
**Declaratory Judgment**

22.     DarkPulse incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

23.     The Parties formed an agreement that Defendant would repay the debt with interest or that Carebourn would take full control over the company in the event of the

default.   The parties signed, assented to, the agreement setting out payments, and consequences for default as alleged in the Complaint.

24.     The Defendant is in default of the agreement and thus Carebourn has full control over the company.

25.     As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to Defendant's default and damages in the amount above $50,000.

**COUNT II**
**Breach of Contract**
**(Breach of the Agreements)**

26.     Carebourn restates and realleges the paragraphs above as though fully stated herein.

27.     Carebourn and DarkPulse entered into the Agreements attached as Exhibits 1-2, which required DarkPulse to, among other things, repay the principal loan sum of money plus interest and default penalty interest, to permit Carebourn to withdraw daily sums from DarkPulse's accounts, to maintain reserves of its common stock sufficient to cover five times the number of shares necessary to cover the conversion of the full principal amount, to keep current on its SEC reporting requirements, and to maintain its ability to pay its debts when they come due.

28.     DarkPulse has breached the Agreements by failing to satisfy these obligations.

29.     The Agreements also require DarkPulse to pay Carebourn a Default Sum upon any Event of Default or, alternatively, allow Carebourn to capture assets and take control of the company.

5

30.     As a result of DarkPulse's breaches, Carebourn has sustained damages in an amount in excess of $50,000.

## COUNT III
## ATTONEYS' FEES

31.     Carebourn restates and realleges the paragraphs above as though fully stated herein.

32.     The agreements require DarkPulse to pay Carebourn's attorneys' fees for any action against the defendant for breach of the agreement.

33.     Darkpulse is in breach of the agreement and thus must pay Carebourn's attorneys' fees.

34.     As a result of Darkpulse's breaches, Carebourn has sustained damages in an amount in excess of $50,000.


**WHEREFORE**, plaintiff Carebourn Capital, L.P. requests a judgment from this Court:

A.      Awarding Carebourn the Default Sum due and owing under the various Agreements,

B.      In the alternative, and at Carebourn's option, requiring Darkpulse to deliver to Carebourn full payment in the amount owed and the ability to liquidate, foreclose or otherwise capture assets in order to satisfy the outstanding default pursuant to the terms of the various agreements executed by the parties;

C.      Awarding Carebourn its reasonable attorneys' fees, costs, and disbursements;

D.      Awarding Carebourn such other and further relief as the Court deems just and equitable.

6

CASE 0:21-cv-00288-WMW-DTS   Doc. 1-1   Filed 02/02/21   Page 10 of 10


January 29, 2021                              **HUTTON MADGETT, PLLC**

                                              /s/ Lee A. Hutton, III
                                              Lee A. Hutton, III (Atty No. 0327992)
                                              David J.S. Madgett (Atty No. 0327992)
                                              333 South Seventh Street, Suite 2450
                                              Minneapolis, Minnesota 55402
                                              dmadgett@huttonmadgett.com
                                              lhutton@huttonmadgett.com
                                              **Attorneys for Carebourn Capital, L.P.**


## <u>VERIFICATION</u>

I verify that I have read the foregoing Complaint and that all the facts and statements made therein are true and correct to the best of my knowledge.


January 29, 2021                              */s/ Chip Rice*
                                              Chip Rice, President, Carebourn Capital, LP