# **<u>EXHIBIT 3</u>**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Other Civil |

| | |
|---|---|
| Carebourn Capital, L.P. | Court File No. _____ |
| Plaintiff, | |
| v. | NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER & ENFORCMENT OF COURT ORDER |
| Darkpulse, Inc. | |
| Defendant. | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that as soon as practicable, Plaintiff Carebourn Capital, L.P. will move the Court for a temporary restraining order against Defendant Darkpluse, Inc.

## MOTION

Pursuant to Minn. R. Civ. P. Rule 65 and for the reasons enumerated in the Memorandum of Law in Support of Plaintiff's Motion, the records and pleadings filed in this action, and such other matters as may be presented to the Court at the time of the hearing or otherwise in connection with Plaintiff's motion, Plaintiff hereby moves this Court for a temporary restraining order and enforcement of court order.

January 29, 2021                           **HUTTON MADGETT, PLLC**

/s/ Lee A. Hutton, III
Lee A. Hutton, III (Atty No. 0327992)
David J.S. Madgett (Atty No. 0327992)

2

        333 South Seventh Street, Suite 2450
        Minneapolis, Minnesota 55402
        dmadgett@huttonmadgett.com
        lhutton@huttonmadgett.com

**Attorneys for Carebourn Capital, L.P.**

COUNTY OF HENNEPIN                                           FOURTH JUDICIAL DISTRICT

                                                                                                    Case Type: Other Civil

| Carebourn Capital, L.P. | Court File No. _____ |
|---|---|
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND ENFORCEMENT OF COURT ORDER** |
| v. | |
| Darkpulse, Inc. | |
| Defendant. | |

## INTRODUCTION

Plaintiff Carebourn Capital, L.P. ("Carebourn") asserted two breach of contract actions against Darkpulse, Inc. ("DarkPulse"). This case arises out of a loan agreements and pledge of stocks. However, Defendant defaulted and continues to default on their obligations to Carebourn.

Due to the probability for DarkPulse to deplete assets, cash, and other collateral due to Carebourn, Carebourn requests that the court enter a Temporary Restraining Order and/or an Order to Enforce the Judgment to prevent Defendant and their Transfer Agent from dissipating or otherwise transferring stock that Carebourn should be awarded. Without the order, DarkPaulse will continue to transfer away assests and capital depriving Carebourn from relief under the law. The Order shall be binding upon the transfer agent(s) for DarkPulse because they are acting on behalf of DarkPulse.

## FACTUAL BACKGROUND[1]

### A. The Parties.

Carebourn is a Minnesota company with its principal place of business in Hennepin, Minnesota. Here, DarkPulse's CEO Dennis O'Leary is aware of the Complaint and TRO filings and has been served with the same. Dennis O'Leary as CEO of DarkPulse and has the authority to commission the transfer agent to receive and allocate shares.

### B. Procedural Posture of Litigation.

Carebourn has initiated suit in Hennepin County pursuant to the parties' agreement.

### B. Post-Filing Events.

After the filing of the complaint, DarkPulse's stock has continued to show activity. Despite knowing of the defaulted terms in the agreement, DarkPulse has not complied with the contract terms to the intentional detriment of Carebourn. Regardless of nonpayment, DarkPulse in an effort to foreclose any possibility of future recovery has willfully transferred reserve stock specifically held in trust and earmarked as collateral for Carebourn.

The current motion before the court requests that the Court order that Defendant refrain from moving any and all shares from the company until they comply with the Court's Order.

## ARGUMENT

A party seeking a temporary restraining order "must first establish that the legal remedy is inadequate and that the injunction is necessary to prevent great and irreparable injury."[2] Once the moving party has shown the existence of irreparable harm, the party must next show that the factors

---

[1] See Carebourn's Complaint generally.

[2] *See City of Mounds View v. Metropolitan Airports Com'n*, 590 N.W.2d 355, 357 (Minn. App. 1999).

set forth in *Dahlberg Bros., Inc. v. Ford Motor Co.*[3] weigh in favor of the sought-after injunction. Here, Carebourn is entitled to a temporary restraining order because it has no adequate remedy at law for the irreparable harm posed by DarkPulse's refusal to provide (or even to hold in trust) collateral shares and continued transferring of shares in the stock market.

I. **Carebourn Faces Irreparable Harm for Which there is No Adequate Remedy at Law.**

Carebourn must have an order that the Transfer Agent for DarkPulse must comply in order to seek remedy. Otherwise, DarkPulse escapes contractual obligation by transferring the very colleterial securing the agreement thereby making any judgment irreverent as the company will have no assets to pay. The Transfer Agent continues to transfer shares assisting their principal in by-passing the obligation of the contract. This is inappropriate.

Essentially, the Court can easily order that the company's transfer agent refrain from transferring any shares until DarkPulse transfer the collateral shares to Carebourn.

There is no remedy at law able to repair the harm Plaintiff will suffer if DarkPulse and the Transfer Agent continue to by-pass their obligation under the order.

II. **The *Dahlberg* Factors Weigh in Favor of a Temporary Restraining Order.**

In considering whether to grant a temporary restraining order, Minnesota courts consider whether the following factors weigh in favor of injunctive relief: (1) the parties' relationship prior to the dispute; (2) the weight of the irreparable harm alleged by the party seeking the injunction compared to the weight of the harm suffered by the other party if the injunction is granted; (3) the likelihood that the party seeking the injunction will prevail on the merits; (4) public policy

---

[3] *Dahlberg Bros., Inc. v. Ford Motor Co.*, 137 N.W.2d 314. 321-22 (Minn. 1965).

considerations; and (5) the administrative burden on the court.[4] Here, each factor weighs in favor of a temporary restraining order.

### a. The Parties' Relationship Prior to the Dispute Weighs in Favor of an Injunction.

The parties are connected through a contract. DarkPulse did default on the contract and a complaint was filed with the court. Under this set up, Carebourn, however, fulfilled its obligations to DarkPulse per the terms of the contract. The issue raised in Carebourn's request is to protect shares of stock which is the only collateral available to Carebourn and which ParkPulse expressly agreed to hold for the benefit of Carebourn.

Indeed, the parties' relationship prior to the dispute and in contract supports the issuance of a temporary restraining order because if the company side steps its collateral obligations it expressly agreed to Carebourn will be left without remedy under the law.

### b. The Balance of Harms Weighs in Favor of an Injunction.

The balance of harms weighs in favor of a temporary restraining order because, if the stocks are dissipated or never provided to transfer or the company is disturbed, the DarkPulse will continue to prosper from the market while alienating capital assets leaving Carebourn without a means to collect any future judgment. Here, absent such an order, Carebourn will be left without remedy. By contrast, with an order to prevent transferring shares held in trust, the company will be forced to reserve stock in favor of Carebourn as agreed and Carebourn will have an opportunity to recover something if successful at trial. By contrast, if the court grants the order, DarkPulse will suffer no harm.

### c. Carebourn Will Likely Prevail on the Merits of its Claims.

---

[4] *Metropolitan Sports Facilities Com'n v. Minnesota Twins Partnership*, 638 N.W.2d 214, 220 (Minn. Ct. App. 2002).

Having previous notice of this suit, DarkPulse is already aware of this matter has not disputed the facts alleged and has been provided notice of this motion. Moreoever, this case is premised on indisputable notarized documents bearing the name and signature of agents of Carebourn and DarkPulse.

### d. Public Policy Weighs in Favor of an Injunction.

Public policy strongly weighs in favor of an injunction requiring DarkPulse and their transfer agent to refrain from transferring shares until they comply with the terms of the contract.

*First,* public policy supports a temporary injunction because Carebourn has satisfied its obligations under contract and DarkPulse has made certain promises to Carebourn in return- namely to continue to hold shares of public stock in itself, a public company. Investors must have faith in the actions, information, and promises made by the managers of DarkPulse to Carebourn and the public. Absent an injunction DarkPulse may continue to issues shares to the public of questionable value.

*Second,* public policy supports a temporary restraining order because if stock is not provided to Carebourn, there is no recourse for Carebourn and Darkpulse will have effectively maneuvered out of their responsibility of the contract. The parties further agreed to allow the courts in Minnesota to navigate the legal issues and are therefore are subject to its orders.

Accordingly, this factor weighs in favor of a temporary restraining order.

### e. The Injunction Imposes No Administrative Burden on the Court.

In seeking a temporary restraining order, Carebourn asks this Court only to order that Darkpulse shall not transfer stock until Darkpulse's obligation under the contract is complete or this matter is resolved. No further action is needed from the court. Accordingly, this factor weighs in favor of a temporary restraining order.

**II.     DARKPULSE SHOULD BE FORCED TO COMPLY WITH THE TEMPORARY RETRAINING ORDER.**

Darkpulse, a public company, made promises to investors which substantial evidence exists to show it did not keep. Despite this, the company continues to sell shares of stock to the public. The court must restrict Darkpulse to ensure that they do not deplete resources without honoring the Contract with Carebourn.

## CONCLUSION

The Temporary Retraining Order is essential to protect and ensure that Darkpulse to complies with contracts. Here, Plaintiff request that this court order that Darkpulse maintain the company's status quo, remain listed, and refrain from dissipating assets.

January 29, 2021                    **HUTTON MADGETT, PLLC**

/s/ Lee A. Hutton, III
Lee A. Hutton, III (Atty No. 0327992)
David J.S. Madgett (Atty No. 0327992)
333 South Seventh Street, Suite 2450
Minneapolis, Minnesota 55402
dmadgett@huttonmadgett.com
lhutton@huttonmadgett.com

**Attorneys for Carebourn Capital, L.P.**

STATE OF MINNESOTA                                     DISTRICT COURT

COUNTY OF HENNEPIN                                 FOURTH JUDICIAL DISTRICT

                                                                 Case Type: Other Civil

| Carebourn Capital, L.P. | Court File No. _____ |
|---|---|
| Plaintiff, | |
| v. | **PROPOSED ORDER** |
| Darkpulse, Inc. | |
| Defendant. | |

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff Carebourn Capital, L.P.'s Motion for Temporary Restraining Order is **GRANTED**. The Court orders as follows:

1. Darkpulse, Inc. and any and all individuals working on their behalf shall cease transfer of shares to any and all individuals and/or companies until Carebourn Capital, L.P. has received their shares, the company has paid outstanding monies to Carebourn Capital, or this matter has been resolved by order of the court.

                                                                           BY THE COURT:

Dated: _____          _____

                                                                   Judge of District Court