UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Carebourn Capital, L.P.,                  Case No. 21-cv-0288 (WMW/DTS)

            Plaintiff,

    v.                                   **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Darkpulse, Inc.,

            Defendant.

---

This matter is before the Court on Plaintiff Carebourn Capital, L.P.'s (Carebourn) motion to remand this case to Minnesota District Court, Fourth Judicial District (Hennepin County), for lack of subject-matter jurisdiction. (Dkt. 7.) Defendant Darkpulse, Inc. (Darkpulse), opposes the motion. For the reasons addressed below, Carebourn's motion is granted.

## BACKGROUND

This lawsuit arises out of an alleged breach of contract. Carebourn, a Delaware limited partnership with its principal place of business in Minnesota, funds small- and medium-sized businesses by providing loans. Darkpulse is a Delaware corporation with its principal place of business in Virginia.[1] The complaint alleges that Carebourn and Darkpulse entered into securities-purchase agreements (agreements), whereby Carebourn

---

[1] Carebourn's complaint alleges that Darkpulse's principal place of business is in Virginia. Darkpulse disputes that allegation, arguing that its principal place of business is in New York. But Darkpulse has submitted no evidence to substantiate this assertion. As such, the Court accepts the allegation in the complaint as true for the purpose of this Order.

loaned Darkpulse approximately $500,000.  Carebourn alleges that Darkpulse breached the agreements, including by failing to repay the principal loan with interest and by continuing to sell shares of common stock earmarked for Carebourn as loan collateral.  On January 29, 2021, Carebourn filed a summons and complaint in Minnesota state court, claiming breach of contract and seeking a declaratory judgment and attorneys' fees.  Darkpulse removed this case to federal court on February 2, 2021, and Carebourn filed the pending motion for remand that same day.  On February 3, 2021, the Court ordered Darkpulse to show cause as to why this case should not be remanded to Minnesota state court.

## ANALYSIS

When a case has been removed from state court, a federal court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *accord In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1066 (8th Cir. 2000).  Here, Darkpulse argues that the Court has federal subject-matter jurisdiction based on both diversity and federal-question jurisdiction.

Diversity jurisdiction exists when the matter in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists [when] no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  Federal-question jurisdiction exists if, regardless of the citizenship of the parties, a civil action arises under "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The burden rests with the removing party to establish by a preponderance of the evidence that federal subject-matter jurisdiction exists.  *Pub. Sch. Ret. Sys. of Mo. v. State*

*St. Bank & Tr. Co.*, 640 F.3d 821, 825–26 (8th Cir. 2011); *see also Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th. Cir. 2010) (burden of proving federal jurisdiction always remains on the party seeking to establish it). And all doubts regarding federal jurisdiction are resolved in favor of remanding to state court. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). The Court addresses, in turn, Darkpulse's asserted bases for subject-matter jurisdiction.

## I.    Diversity Jurisdiction

Darkpulse contends that Carebourn is solely a Minnesota citizen and, therefore, complete diversity of citizenship exists. Carebourn counters that the parties are not completely diverse because both Carebourn and Darkpulse are Delaware citizens.

The citizenship of a non-incorporated entity depends on the citizenship of the entity's members. *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019). Accordingly, the citizenship of a limited partnership is that of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *see also Jet Midwest Int'l Co.*, 932 F.3d at 1104 (providing that only corporations are "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" (quoting 28 U.S.C. § 1332(c)(1))). Similarly, a limited liability company's citizenship is that of each of its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

Here, Darkpulse argues that the sole partner of Carebourn is Chip Rice and, therefore, Carebourn is solely a citizen of Minnesota. In support of this contention,

3

Darkpulse relies on following facts: (1) Rice signed the verified complaint as the president of Carebourn, (2) Rice identified himself as Carebourn's managing partner in an October 2013 filing with the Minnesota Secretary of State, (3) Rice is identified as the registered agent of Carebourn in an annual renewal document filed with the Minnesota Secretary of State in September 2017, (4) Carebourn's principal office address is the same address as that of Rice's Minnesota home, and (5) during an August 2020 deposition Rice testified, in reference to Carebourn, that "[w]hen I say we, I am talking about myself.  There has never been anybody else. We don't [have] extra hands."  But evidence that Rice is the president and registered agent of Carebourn, and that he shared an address with Carebourn in 2017, does not establish that Rice is a partner of Carebourn.  And although Rice identified himself as the managing partner in an October 2013 document, this evidence does not establish that Rice is currently a partner of Carebourn, let alone its *only* partner. To the contrary, the parties' 2018 securities-purchase agreement provides that "Carebourn Partners, LLC," is a general partner of Carebourn and Rice is a "Managing Member" of Carebourn.  Accordingly, Carebourn's citizenship depends, at least in part, on the citizenship of the member or members of Carebourn Partners, LLC.  But nothing in the record identifies *any* of the members of Carebourn Partners, LLC.  Nor does the record demonstrate whether Carebourn has any members other than Carebourn Partners, LLC, and Rice, which also would impact Carebourn's citizenship.

For these reasons, Darkpulse has not met its burden of establishing that complete diversity exists.  Accordingly, the Court cannot conclude that a basis for diversity jurisdiction exists.

## II.     Federal-Question Jurisdiction

Darkpulse also argues that the Court has federal-question jurisdiction. Specifically, Darkpulse suggests that the parties' agreements might not be enforceable because Carebourn might be acting as an unregistered securities dealer in violation of federal law. *See* 15 U.S.C. §§ 78c(a)(5)(A), 78o(a)(1).

When assessing whether federal-question jurisdiction exists, courts employ the "well-pleaded complaint rule" and look only to the face of the complaint. *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (citing *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987)). When a complaint asserts only state-law claims, the case cannot be removed to federal court based on either a counterclaim or an anticipated defense that arises under federal law. *See Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (observing that federal law "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action"); *Gore*, 210 F.3d at 948 ("Thus, a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998))).

The Securities Exchange Act provides that "[e]very contract made in violation of any provision of this chapter or of any rule or regulation thereunder . . . shall be void." 15 U.S.C. § 78cc(b). "This language establishes that the guilty party is precluded from enforcing the contract against an unwilling innocent party, but it does not compel the conclusion that the contract is a nullity, creating no enforceable rights even in a party

innocent of the violation." *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 886–87 (1970) (holding that the Securities Exchange Act does not "requir[e] that [a] merger be set aside simply because the merger agreement is a 'void' contract"). Instead, the contract is "merely voidable," such that the innocent party has the right to rescind the void contract. *Id.* at 387. And the Securities Exchange Act "also contemplates civil suit for relief by way of recission and damages [when] the transactions are void." *Eastside Church of Christ v. Nat'l Plan, Inc.*, 391 F.2d 357, 362 (5th Cir. 1968).

Here, Minnesota law governs the parties' agreements. Under Minnesota law, "illegality" is an affirmative defense. Minn. R. Civ. P. 8.03; *see also Minn.-Iowa. Television Co. v. Watonwan T.V. Improvement Ass'n*, 294 N.W.2d 297, 305 (Minn. 1980) (observing that defendant raised affirmative defense that contract was illegal in violation of Minnesota antitrust law); *Melbo v. Rinn*, 157 N.W.2d 842, 844 n.1 (Minn. 1968) ("Rule 8.03, [Minnesota] Rules of Civil Procedure, provides that illegality *must* be pleaded as an affirmative defense." (emphasis added)).

Carebourn seeks relief in the form of a declaratory judgment that Darkpulse breached the parties' agreements, including that Carebourn is entitled to take "full control" over Darkpulse, allegedly pursuant to the agreements. Such relief does not, on its face, arise under federal law. Darkpulse argues that "the first question that *must* be asked before Carebourn's state claims can proceed is . . . whether Carebourn is acting as an unregistered dealer." But the parties' agreements are not automatically a nullity. *See Mills*, 396 U.S. at 886–87. Thus, although Darkpulse may seek to rescind the agreements, either through a

6

counterclaim or an affirmative defense, removal is not permitted on this basis. *See Home Depot*, 139 S. Ct. at 1748; *Gore*, 210 F.3d at 948.

Therefore, Darkpulse's contentions that Carebourn may be violating federal securities laws do not clearly establish a basis for federal-question jurisdiction.[2]

In summary, Darkpulse has not satisfied its burden to establish that subject-matter jurisdiction exists, and any doubts regarding federal jurisdiction are resolved in favor of remanding to state court. *Junk*, 628 F.3d at 446. Accordingly, Carebourn's motion to remand is granted.

### III.   Attorneys' Fees and Costs

Carebourn argues that it is entitled to an award of attorneys' fees and costs incurred as a result of Darkpulse's improper removal of this case. Darkpulse offers no response to this argument.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is warranted when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (explaining that a district court "must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand" (internal quotation marks omitted)). Here, one of Darkpulse's bases for removal was that Rice, a Minnesota resident, purportedly is the sole

---

[2]   The Court expresses no opinion as to whether Carebourn is acting as an unregistered "dealer." *See* 15 U.S.C. §§ 78c(a)(5)(A), 78o(a)(1).

7

member of Carebourn and, therefore, Carebourn and Darkpulse are completely diverse. Given that Carebourn's citizenship remains uncertain for the reasons addressed above, Darkpulse's basis for removal was not objectively unreasonable. Therefore, Carebourn's request for an award of attorneys' fees and costs is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff Carebourn Capital, L.P.'s motion to remand, (Dkt. 7), is **GRANTED**.

2. This case is **REMANDED** to Minnesota District Court, Fourth Judicial District (Hennepin County), pursuant to 28 U.S.C. § 1447(c).

Dated: February 17, 2021                                s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge